**WO** MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Kathy Ann Fisher, ) No. CV 12-2307-PHX-GMS (BSB)
)
    Petitioner, ) **ORDER**
)
vs. )
)
Charles Ryan, et al., )
)
    Respondents. )
)

Petitioner Kathy Ann Fisher, who is confined in the Arizona State Prison Complex-Perryville in Goodyear, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and an Application to Proceed *In Forma Pauperis* (Doc. 2). The Court will require an answer to the Petition.

**I.     Application to Proceed *In Forma Pauperis***

Petitioner's Application to Proceed *In Forma Pauperis* indicates that her inmate trust account balance is less than $25.00. Accordingly, the Application to Proceed *In Forma Pauperis* will be granted. See LRCiv 3.5(b).

**II.    Petition**

Petitioner was convicted in Pinal County Superior Court, case #CR-2009-00545, of fraudulent schemes and artifices and was sentenced to a 10-year term of imprisonment. In

**TERMPSREF**

her Petition, Petitioner names Charles Ryan as Respondent and the Arizona Attorney General as an Additional Respondent. Petitioner raises two grounds for relief.

In Ground One, Petitioner alleges that the trial court failed to balance aggravating and mitigating circumstances. She claims that the trial court did not consider mitigating factors and followed the probation department's sentencing recommendation. Petitioner contends that the recommendation considered charges that had been dismissed, Petitioner had not admitted committing, and had not been proven beyond a reasonable doubt, as required Blakely v. Washington, 542 U.S. 296 (2004). In Ground Two, Petitioner contends she was denied her Sixth Amendment right to representation by "a competent attorney."[1]

Petitioner alleges that she presented these grounds for relief to the Arizona Court of Appeals. The Court will require Respondents to answer the Petition. 28 U.S.C. § 2254(a).

## III. Warnings

### A. Address Changes

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Copies

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document that she files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner

---

[1] Attached to her Petition is a Letter (Doc. 1 at pp. 35-36) addressed to the Court. Petitioner is advised that it is improper for a party to communicate directly with court personnel. Mailing a letter to the Clerk of Court, the judge, or any court personnel is unacceptable. Any request for action by the Court must be in the form of a motion that complies with the Rules of Practice of the United States District Court for the District of Arizona (the Local Rules). Any future letters directed to the Clerk of Court, the judge, or any court personnel will be stricken from the record and will be returned to Petitioner.

TERMPSREF

- 2 -

must submit an additional copy of every filing for use by the Court.  LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Petitioner.

**C.     Possible Dismissal**

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Petitioner's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

(2)     The Clerk of Court must serve a copy of the Petition (Doc. 1) and this Order on the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

(3)     Respondents must answer the Petition within 40 days of the date of service. Respondents must not file a dispositive motion in place of an answer but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity.  If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense.  Day v. McDonough, 547 U.S. 198, 209-11 (2006).  If not limited to affirmative defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

(4)     Petitioner may file a reply within 30 days from the date of service of the answer.

. . . .

. . . .

. . . .

. . . .

. . . .

(5)  This matter is referred to Magistrate Judge Bridget S. Bade pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

DATED this 7th day of November, 2012.

/s/ G. Murray Snow
G. Murray Snow
United States District Judge