1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kathy Ann Fisher, | No. CV-12-2307-PHX-GMS (BSB) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

Petitioner Kathy Ann Fisher has filed a timely Petition for Writ of Habeas Corpus raising two grounds for relief.  (Doc. 1.)  Respondents have filed a Limited Answer asserting that Petitioner's claims are procedurally defaulted and barred from federal habeas corpus review or are not cognizable on habeas corpus review.[1]  (Doc. 10.)  Petitioner has not filed a reply and the time to do so has passed.  For the reasons set forth below, the Petition should be denied.

**I.    Factual and Procedural Background**

On June 11, 2009, Petitioner pled guilty in the Arizona Superior Court, Pinal County (the trial court), to one count of fraudulent schemes and artifices,  a class 2 felony.  (Respondents' Exs. A and B.)[2]  The trial court suspended imposition of sentence and placed Petitioner on probation for five years. (Respondents' Ex. C.) On December 2, 2010, Petitioner admitted to

---

[1]  In accordance with the Court's November 7, 2012 Order, Respondents filed an answer limited to affirmative defenses.  (Doc. 4.)

[2]  Citations to "Respondents' Ex." refer to Exs. A-J attached to Respondents' Limited Answer to Petition for Writ of Habeas Corpus, located at Doc. No. 10.

violating the terms of her probation. (Respondents' Ex. D.) The trial court revoked Petitioner's probation and sentenced her to an aggravated term of ten years' imprisonment. (*Id.* at 3.)

### A. Post-Conviction Review

On December 16, 2010, Petitioner filed a timely notice of post-conviction relief in the trial court pursuant to Arizona Rule of Criminal Procedure 32. (Respondents' Ex. E.) Petitioner, through counsel, subsequently filed a petition for post-conviction relief asserting that the trial court failed to properly balance aggravating and mitigating circumstances pursuant to Ariz. Rev. Stat. § 13-702(D), (E), and (F), and that defense counsel was ineffective for failing to present mitigating evidence at sentencing. (Respondents' Ex. F.) On November 4, 2011, the trial court rejected Petitioner's claims and denied relief. (Respondents' Ex. G.)

The trial court granted Petitioner an extension to December 23, 2011 to file a petition for review in the Arizona Court of Appeals (appellate court or court of appeals). (Doc. 1 at 37.) Although Petitioner filed a petition for review on December 19, 2011 (Doc. 1 at 12), she filed it in the trial court, rather than in the court of appeals. She did not file a petition for review in the court of appeals until May 23, 2012. (Respondents' Ex. J.) In her petition for review, Petitioner asserted different grounds for relief and argued for the first time that trial counsel was ineffective for advising her to plead guilty, and that the State had introduced "perjured testimony." (Respondents' Ex. J.) On June 22, 2012, the court of appeals dismissed the petition for review as untimely. (Respondents' Exs. H, I.)

### B. Federal Petition for Writ of Habeas Corpus

On October 29, 2012, Petitioner filed the pending petition for writ of habeas corpus raising the following grounds for relief: (1) the trial court did not properly weigh aggravating and mitigating circumstances at sentencing, and (2) trial counsel was ineffective in violation of the Sixth Amendment for failing to present mitigating evidence during sentencing. (Doc. 1.) Thus, the grounds for relief that Petitioner asserts in her pending habeas petition are the same as the grounds for relief that she asserted in the trial court in her petition for post-conviction relief. Petitioner, however, did not raise these grounds for relief in the court of appeals.

1    Therefore, as set forth below, Petitioner's claims are not cognizable on federal habeas corpus
2    review or are procedurally barred from federal habeas corpus review.

3    **II.    Exhaustion and Procedural Bar**

4           Ordinarily, a federal court may not grant a petition for writ of habeas corpus unless the
5    petitioner has exhausted available state remedies.  28 U.S.C. § 2254(b).  To exhaust state
6    remedies, a petitioner must afford the state courts the opportunity to rule upon the merits of his
7    federal claims by "fairly presenting" them to the state's "highest" court[3] in a procedurally
8    appropriate manner. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("[t]o provide the State with the
9    necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state
10   court . . .  thereby alerting that court to the federal nature of the claim"); *Castille v. Peoples*,
11   489 U.S. 346, 349 (1989) (same).

12          A claim has been "fairly presented" if the petitioner has described both the operative facts
13   and the federal legal theory on which the claim is based. *Baldwin*, 541 U.S. at 33.  A "state
14   prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition
15   or brief . . . that does not alert it to the presence of a federal claim in order to find material, such
16   as a lower court opinion in the case, that does so." *Id*. at 31-32.  Thus, "a petitioner fairly and
17   fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if
18   he presents the claim: (1) to the proper forum, . . . (2) through the proper vehicle, . . . and (3) by
19   providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d
20   657, 668 (9th Cir. 2005) (internal citations omitted).

21          The requirement that a petitioner exhaust available state court remedies promotes comity
22   by ensuring that the state courts have the first opportunity to address alleged violations of a state
23   prisoner's federal rights. *See Duncan v. Walker*, 533 U.S. 167, 178 (2001); *Coleman v.*

24   _____

25          [3]    In Arizona, unless a prisoner has been sentenced to death, the "highest court"
     requirement is satisfied if the petitioner has presented his federal claim to the Arizona Court of
26   Appeals either through the direct appeal process or post-conviction proceedings. *Crowell v.
     Knowles*, 483 F. Supp. 2d 925, 931-33 (D. Ariz. 2007) (discussing *Swoopes v. Sublett*, 196 F.3d
27   1008, 1010 (9th Cir. 1999)).

28                                         - 3 -

*Thompson*, 501 U.S. 722, 731 (1991).  Principles of comity also require federal courts to respect state procedural bars to review of a habeas petitioner's claims.  *See Coleman*, 501 at 731-32. Pursuant to these principles, a habeas petitioner's claims may be precluded from federal review in two situations.

First, a claim may be procedurally defaulted and barred from federal habeas corpus review when a petitioner failed to present his federal claims to the state court, but returning to state court would be "futile" because the state court's procedural rules, such as waiver or preclusion, would bar consideration of the previously unraised claims.  *See Teague v. Lane*, 489 U.S. 288, 297-99 (1989); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002).  If no state remedies are currently available, a claim is technically exhausted, but procedurally defaulted. *Coleman*, 501 U.S. at 732, 735 n.1.

Second, a claim may be procedurally barred when a petitioner raises a claim in state court, but the state court finds the claim barred on state procedural grounds.  *See Beard v. Kindler*, 558 U.S. 53, 130 S. Ct. 612, 614-19 (2009).  "[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claim has deprived the state courts of an opportunity to address those claims in the first instance."  *Coleman,* 501 U.S. at 731-32.  In this situation, federal habeas corpus review is precluded if the state court opinion relies on a procedural ground "that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision."  *Harris v. Reed*, 489 U.S. 255, 260 (1989).

A state procedural ruling is "independent" if the application of the bar does not depend on an antecedent ruling on the merits of the federal claim.  *See Stewart v. Smith*, 536 U.S. 856, 860 (2002); *Ake v. Oklahoma*, 470 U.S. 68, 74-75 (1985).  A state court's application of the procedural bar is "adequate" if it is "strictly or regularly followed."[4]  *See Wells v. Maass*, 28 F.3d

---

[4]  Arizona courts have consistently applied Arizona's procedural rules to bar further review of claims that were not raised on direct appeal or in prior Rule 32 post-conviction proceedings.  *See Stewart v. Smith*, 536 U.S. 856, 860 (2002) (holding that Rule 32.2(a) is an adequate and independent procedural bar); *Cook v. Schriro*, 538 F.3d 1000, 1026 (9th Cir. 2008) ("[p]reclusion of issues for failure to present them at an earlier proceeding under Ariz. R. Crim.

1005, 1010 (9th Cir. 1994). If the state court occasionally excuses non-compliance with a procedural rule, that does not render its procedural bar inadequate. *See Dugger v. Adams*, 489 U.S. 401, 410-12 n.6 (1989). "The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases." *Coleman*, 501 U.S. at 732. Although a procedurally barred claim has been exhausted, as a matter of comity, the federal court will decline to consider the merits of that claim. *See id.* at 729-32.

However, because the doctrine of procedural default is based on comity, not jurisdiction, federal courts retain the power to consider the merits of procedurally defaulted claims. *See Reed v. Ross*, 468 U.S. 1, 9 (1984). Generally, a federal court will not review the merits of a procedurally defaulted claim unless a petitioner demonstrates "cause" for the failure to properly exhaust the claim in state court and "prejudice" from the alleged constitutional violation, or demonstrates that a "fundamental miscarriage of justice" would result if the claim were not heard on the merits. *Coleman*, 501 U.S. at 750. Additionally, pursuant to 28 U.S.C. § 2254(b)(2), the Court may dismiss plainly meritless claims regardless of whether the claim was properly exhausted in state court. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005) (holding that a stay is inappropriate in federal court to allow claims to be raised in state court if they are subject to dismissal under § 2254(b)(2) as "plainly meritless").

## III. Petitioner's Grounds for Relief in the Pending Habeas Petition

### A. Ground One — Sentencing

In Ground One, Petitioner asserts that the trial court failed to properly balance aggravating and mitigating circumstances at sentencing. She claims that the trial court did not consider mitigating factors, but instead followed the probation department's sentencing recommendation. Petitioner contends that the sentencing recommendation considered charges that had been dismissed, that Petitioner had not admitted committing, and that had not been

P. 32.2(a)(3) 'are independent of federal law because they do not depend upon a federal constitutional ruling on the merits'"); *Ortiz v. Stewart*, 149 F.3d 923, 931-32 (9th Cir. 1998) (rejecting argument that Arizona courts have not "strictly or regularly" followed Rule 32).

proven beyond a reasonable doubt as required by *Blakely v. Washington*, 542 U.S. 296 (2004).[5] (Doc. 1 at 6.)  Respondents contend that Ground One asserts a violation of state law that is not cognizable on federal habeas corpus review.  Respondents alternatively argue that Ground One is procedurally defaulted and barred from habeas corpus review.

### 1.  Non-Cognizable State Law Claim

To the extent that Ground One challenges the sentencing court's failure to properly weigh mitigating and aggravating factors, that claim is based on state law and is not amenable to federal habeas corpus review.  A state prisoner can obtain federal habeas relief only if his conviction violates the Constitution or the laws and treaties of the United States.  *See* 28 U.S.C. § 2254; *Engle v. Isaac*, 456 U.S. 107, 119 (1982).  Federal habeas corpus relief is not available for alleged violations of state law or for alleged errors in the interpretation of state law.  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  Accordingly, Petitioner is not entitled to relief  based on her state law challenge to her sentence. *See Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief"); *Martin v. Solem*, 801 F.2d 324, 331 (8th Cir. 1986) ("With the exception of due process claims, state prisoners' claims of error involving sentencing, parole, probation, and revocation of probation or parole are matters governed by state law that are not cognizable in federal habeas corpus proceedings.").

### 2.  Procedural Bar

Additionally, to the extent that Petitioner challenges her sentence on Sixth Amendment grounds based on *Blakely*, this claim is procedurally barred because she never presented a *Blakely* claim to the trial court or to the court of appeals on post-conviction review.  *See Baldwin*, 541 U.S. at 29 (to properly exhaust a federal claim a state prisoner must "'fairly

---

[5]  In *Blakely,* the Court held that before a trial court can impose a sentence above the statutory maximum, a jury must find beyond a reasonable doubt, or defendant must admit, all facts "legally essential to punishment." *Blakely*, 542 U.S. at 313.

present' his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim").  Thus, she did not fairly present a *Blakely* claim to the state courts.

Pursuant to the Arizona procedural rules, a return to state court to present this claim would be futile  *See* Ariz. R. Crim. P. 32.1, and 32.2(a) and (b); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002) (a state post-conviction action is futile when it is time-barred); *State v. Mata*, 916 P.2d 1035, 1048-53 (Ariz. 1996); Ariz. R. Crim. P. 32.1(a)(3) (relief is precluded for claims waived at trial, on appeal, or in any previous collateral proceeding); Ariz. R. Crim. P. 32.4(a) (notice of post conviction review "must be filed within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is the later"); Ariz. R. Crim. P. 32.9 (petition for review must be filed within thirty days of trial court's decision).  Accordingly, although this claim is technically exhausted, it is procedurally barred.  *See Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir.1991).  Because no state remedies are currently available, Petitioner's *Blakely* claim is technically exhausted and procedurally barred.  *See Coleman*, 501 U.S. at 732, and 735 n.1.  As discussed in below in Section III(C), Petitioner has not established a basis to overcome the procedural bar.

**B.  Ground Two — Ineffective Assistance of Counsel**

In Ground Two, Petitioner argues that her counsel was ineffective in violation of the Sixth Amendment for failing to present mitigating factors during sentencing.  (Doc. 1 at 7.) Respondents argue that this claim is procedurally barred because Petitioner did not present it to the court of appeals.  Respondents also argue that the claim in procedurally barred because the court of appeals dismissed the petition for review as untimely, which is an adequate and independent state law ground.  (Doc. 10 at 11.)

Although Petitioner raised a federal claim of ineffective assistance of counsel in her petition for post-conviction relief to the trial court, she did not present a federal claim in her petition for review to the court of appeals.  Therefore, she did not fairly present this federal claim.  *See Baldwin*, 541 U.S. at 29 ("[t]o provide the State with the necessary 'opportunity,' the

prisoner must 'fairly present' his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim").

Moreover, the appellate court dismissed the petition for review as untimely pursuant to Rule 32.9(c). This rule is an adequate state procedural rule and the appellate court's application of that rule was independent from the merits of the claim. *See  Simmons v. Schriro*, 187 Fed. Appx. 753, 754 (9th Cir. 2006) (holding that Arizona's procedural rules, including its timeliness rules, are "clear" and "well-established"); *Miloni v. Schriro*, 2006 WL 1652578, *5 (D. Ariz. Jun. 7, 2006) (concluding that a procedural ruling based on Rule 32.9(c) is adequate). Accordingly, this claim is procedurally barred from federal habeas corpus review. *See Coleman*, 501 U.S. at 537; *Wainwright*, 433 U.S. at 97 (federal court is barred from considering a claim that the state court denied on an adequate state law ground that is independent of the merits of the federal claim).

## C.  Cause and Prejudice or Fundamental Miscarriage of Justice

Because Petitioner's claims are procedurally barred, federal habeas corpus review is unavailable unless she establishes "cause and prejudice" or a "fundamental miscarriage of justice" to overcome the procedural bar. *See Coleman*, 501 U.S. at 749-50; *Teague v. Lane*, 489 U.S. 288, 297-98 (1989). Petitioner does not allege "cause and prejudice" or that the failure to consider the merits of her claims will result in a "fundamental miscarriage of justice." (Doc. 1.)

Additionally, Petitioner's status as an inmate, lack of legal knowledge, and limited legal resources do not establish cause to excuse the procedural bar. *See Hughes v. Idaho State Bd. of Corr.*, 800 F.2d 905, 909 (9th Cir. 1986) (an illiterate *pro se* petitioner's lack of legal assistance did not amount to cause to excuse a procedural default); *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988) (petitioner's mental health issues and reliance upon jailhouse lawyers did not constitute cause). Petitioner has not established cause and prejudice. *See Thomas v. Lewis*, 945 F.2d 1119, 1123 n.10 (9th Cir.1991) (lack of cause eliminates need to consider prejudice).

Because Petitioner has not demonstrated any basis to overcome the procedural bar, her claims are not properly before the Court and the petition should be dismissed.

Accordingly,

**IT IS RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) be **DENIED.**

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1), should not be filed until entry of the District Court's judgment. The parties have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6 and 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the District Court's acceptance of the Report and Recommendation without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determination of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

DATED this 8th day of May, 2013.

_____
Bridget S. Bade
United States Magistrate Judge